WILLIAM B. WILSON *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

June 20, 1890.

**Railway—Fire Set by Engine—Evidence—Statutory Presumption.—**
Evidence considered, and *held* sufficient to warrant the court in submitting to the jury the question whether the fire which destroyed plaintiff's buildings was set by sparks from defendant's locomotive engine. And *held, also,* that the statutory presumption of defendant's negligence was not so clearly and conclusively rebutted by the evidence in the case as to justify this court in reversing the decision of the trial court.

Appeal by defendant from an order of the district court for Anoka county, *Smith,* J., presiding, refusing a new trial after verdict of $471 for plaintiff.

*Jno. C. Bullitt, Jr.,* and *Tilden R. Selmes,* for appellant.

*Everett Hammons,* for respondent.

VANDERBURGH, J. 1. There was evidence for the jury to consider upon the first branch of the case, tending to show that the fire which caused the damage complained of was set by defendant's engine. It shows that the fire caught in the dry grass about 60 feet south or southwest of the defendant's track, in the direction of plaintiff's premises, and was observed soon after the train passed. There was a very high wind blowing at the time, and the fire spread very rapidly to plaintiff's stacks and buildings, some of which were destroyed. The fire when discovered is represented by one of the witnesses to have been a small blaze only. Another witness testified that the engine scattered fire from its ash-pan. A train had passed on the Manitoba road, adjoining the track of the plaintiff, from 20 to 30 minutes previous to the passage of the defendant's train. It was a question for the jury to determine as to the probability of the fire having been caused by the defendant's engine.

2. Nor was the evidence offered by the defendant to rebut the statutory presumption of negligence so full, specific, and complete in all respects as to authorize this court to hold that it was conclusively shown that the engine was in suitable repair, and managed with due care and skill. The train was running at the rate of 35 miles an

hour, the wind was strong, the ground was very dry, and the danger of setting fires very great at that season. Neither the engineer nor fireman had any knowledge of the fire, and they have no particular recollection of the circumstances of that trip. They are only able to testify, generally, in respect to the condition and management of the engine. One of plaintiff's witnesses swears he saw that the engine scattered fire as it passed along, or fire dropping from the engine "from underneath," which defendant's witnesses claim was hardly possible if the back damper was kept closed, which was necessary for safety. We are not able to say that it clearly appears, in view of the circumstances, that the care used was commensurate with the danger reasonably to be apprehended, or that the verdict is wholly without support. Nichols v. Chicago, St. Paul, M. & O. Ry. Co., 36 Minn. 452, (32 N. W. Rep. 176;) Grand Trunk R. Co. v. Richardson, 91 U. S. 454, 469.

Order affirmed.